El Pueblo de Puerto Rico, demandante apelado, *v.* Juan Pérez Márquez, acusado apelante.

No. 4732.—*Sometido:* Mayo 24, 1932. *Resuelto:* Mayo 31, 1932.

*Buenaventura Esteves,* abogado del apelante; *R. A. Gómez,* Fiscal, abogado de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

El fiscal del distrito de Aguadilla formuló acusación contra Juan Pérez Márquez, imputándole un delito de mutilación.

Visto el caso ante un jurado en la Corte de Distrito de Aguadilla, dicho jurado rindió un veredicto de culpabilidad y condenó a Juan Pérez Márquez a dos años de presidio.

El acusado estableció recurso de apelación contra esta sentencia. En el alegato radicado ante este Tribunal atribuye a la corte inferior los siguientes errores:

"1. La Corte erró al trasmitir al Jurado las siguientes instrucciones: 'Tampoco necesita probarse que el perjudicado ha sido privado de un miembro importante de su cuerpo, pues cuando se priva a un ser humano de cualquier miembro de su cuerpo, sea o no importante, existe la mutilación.' Y a renglón seguido: 'Bajo una acusación por el delito de mutilación el jurado puede declarar culpable

al acusado de un delito de acometimiento y agresión con circunstancias agravantes, o, de acometimiento y agresión simple, siempre que se pruebe en el juicio que el agredido no ha quedado inutilizado de algún miembro importante de su cuerpo.'

"2. La corte erró al admitir como prueba, con la oposición del acusado, las declaraciones de los testigos Luis Pérez y Narciso Santiago, tomadas en el curso de la investigación por el juez municipal de San Sebastián y presentadas por el fiscal en el juicio de este caso.

"3. El Jurado cometió manifiesto error de hecho al apreciar las pruebas practicadas; por lo que el veredicto y la sentencia son contrarios a la ley y a los hechos.''

Entre estos errores el que tiene más importancia es el que se refiere a la admisión por la corte de las declaraciones de los testigos Luis Pérez y Narciso Santiago.

■■ Para apreciar este error conviene conocer substancialmente los hechos que motivaron la discusión entre la acusación y la defensa.

Los testigos de la acusación, con excepción del perjudicado Arcelio Brignoni, quien niega que provocara al acusado y afirma que éste le agredió por detrás, dicen que Brignoni y Juan Pérez entablaron una discusión en la casa tienda de Juan Pérez, y que Brignoni, al tirarse para abajo, maldijo la madre y provocó de palabras demasiado malas a Juan Pérez Márquez, a quien tiró con una piedra. Entonces el acusado se tiró abajo y le infirió la herida a Brignoni.

El acusado declara que Brignoni se tiró para abajo, insultándole e invitándole a pelear, y que desde abajo le tiró con una piedra que pesaba como dos libras catorce onzas, que por poco lo mata; que el acusado lo que tuvo que hacer últimamente fué acudir para dentro de la casa y cuando no pudo más, haló un machete que tenía y al acudir él para adentro de la tienda (refiriéndose a Brignoni), le tiró con el machete, porque no sabía si tenía revólver o puñal, y desde arriba le tiró con el machete, porque él, el acusado, no era capaz de tirarse abajo.

Los testigos de la defensa, Luis Pérez y Narciso Santiago, dicen que Brignoni se tiró abajo e insultó de palabras

a Juan Pérez, invitándole a pelear, y que le tiró con una piedra, dándole en el pecho; que Juan Pérez Márquez se quedó arriba y que cuando Brignoni le dió la pedrada se fué de espalda, cogió un machete que estaba en una esquina y que cuando Brignoni se presentó a la puerta, el acusado le tiró con el machete y lo hirió; que el acusado estaba en su cuarto cuando hirió a Brignoni.

De modo que los testigos de la acusación sostienen que el acusado se bajó de la tienda para agredir a Brignoni, mientras que los testigos de la defensa dicen que el acusado permaneció arriba y que desde allí fué que agredió a Brignoni.

Cuando declaraban los testigos de la defensa Luis Pérez y Narciso Santiago, sosteniendo que el acusado estaba en el cuarto de la tienda cuando hirió a Brignoni, el fiscal trató de impugnar la veracidad de estos testigos. Copiamos parte del diálogo desarrollado entre el representante de El Pueblo y el testigo de la defensa Luis Pérez:

¿Usted dice que usted declaró ante el Juez Municipal?

Sí, señor.

¿Ud. sabe firmar?

Sí, señor.

¿Ud. firmó esa declaración que prestó ante el Juez Municipal de San Sebastián?

Sí, señor.

¿Eso fué el día 16 de diciembre del año pasado?

Sí, señor.

¿Es o no verdad que usted le dijo al Juez Municipal que Juan Pérez había bajado y que abajo fué que le tiró con el machete a Brignoni?

No, señor.

Sr. Fiscal.—Anuncio que voy a impugnar la veracidad de este testigo.

¿Es o no verdad que el día 16 de diciembre de 1930, dos días después de estos hechos, usted compareció ante el juez municipal de San Sebastián, Sr. Angel Emilio Franco y allí usted declaró?

Yo declaré en la corte de San Sebastián.

¿Usted firmó su declaración?

Sí, señor.

¿Vea a ver si ésta es la firma suya?.

Yo no veo muy bien.

Haga lo posible por ver un poquito; mire a ver si ésa es su firma.

Sí, señor, Luis Pérez.

¿Es ésa su firma?

Sí, señor.

¿Y esa declaración, la firmó usted ante el Juez Municipal de San Sebastián?

Sí, señor.

¿El día 16 de diciembre de 1930?

Sí, señor.

\*      \*      \*      \*      \*      \*      \*

¿Y dice usted que no es verdad que Juan Pérez bajó fuera de la tienda con el machete y le tiró a Brignoni?

No, señor.

Sr. Fiscal.—Nada más. Anuncio que voy a impugnar la veracidad de este testigo.''

Luego se desarrolló entre el fiscal y el testigo de la defensa Narciso Santiago, el siguiente diálogo:

¿Usted recuerda que usted declaró dos días después de estos hechos ante el Juez Municipal de San Sebastián?

Sí, señor.

¿O sea el día 16 de diciembre del año pasado?

Sí, señor.

Sr. Fiscal.—Anuncio que voy a impugnar la veracidad de este testigo.

Continúa el señor Fiscal preguntando al testigo.

¿Es o no verdad que usted, el día 16 de diciembre del año pasado, en San Sebastián y en la Corte Municipal de dicho pueblo, ante el Juez Municipal señor Franco declaró que este acusado se tiró abajo y abajo fué que le tiró y le dió el tajo a Brignoni?

No, señor; yo no he declarado eso.

¿Usted firmó esa declaración que prestó ante el Juez Municipal de San Sebastián?

Sí, señor.

Vea a ver si esa es la firma suya.

Sí, señor.

¿Usted firmó esa declaración?

Sí, señor.

¿Y esa declaración la prestó usted ante el Juez Municipal de San Sebastián?

Sí, señor.

¿En San Sebastián?

Sí, señor.

Sr. Fiscal.—Sr. Juez: Solicito que el Secretario marque provisionalmente estas declaraciones para luego presentarlas en evidencia.''

Terminada la prueba de la defensa, el fiscal presentó como prueba las declaraciones prestadas por Luis Pérez y Narciso Santiago ante el juez municipal de San Sebastián. Se opuso el abogado de la defensa alegando entre otras cosas que estas declaraciones eran completamente inadmisibles como evidencia de acuerdo con la jurisprudencia sentada sobre este punto por este Tribunal. La corte admitió las mencionadas declaraciones y el abogado de la defensa anotó su excepción.

Hemos visto que el fiscal, al sentar las bases para impugnar la veracidad de los testigos por medio de declaraciones contradictorias, sólo mostró a los testigos la firma de los documentos que luego presentó como prueba, preguntándoles si la firma era de ellos, a lo que contestaron que sí; pero no les entregó las declaraciones para que las leyeran y las examinaran, ni se les leyó ni les llamó la atención acerca de las contradicciones existentes a fin de que las explicaran si podían o querían hacerlo.

Entendemos que de acuerdo con la doctrina sentada en el caso de *El Pueblo* v. *Lafontaine,* 43 D.P.R. 23, la corte cometió error al admitir como prueba las declaraciones de estos testigos sin haberse cumplido con los requisitos que se determinan en dicho caso. Los mencionados testigos aparecen declarando ante el Juez Municipal de San Sebastián que cuando el perjudicado, Arcelio Brignoni, cogió una piedra del suelo y le tiró con ella a Juan Pérez dándole con ella en el pecho, Juan Pérez dió una vuelta, buscó un machete que tenía, se fué abajo y le tiró un tajo a Arcelio Brignoni, dándole una herida en la espalda. La prueba presentada

por la defensa está en conflicto sobre este extremo con la prueba presentada por la acusación. No se dió oportunidad a los testigos para explicar su contradicción y nosotros creemos que sus declaraciones anteriores no debieron ser admitidas, y que la corte cometió error al someterlas al jurado.

Resuelto este error, consideramos innecesario discutir los otros dos errores que se señalan en el alegato del acusado.

*Por las razones expuestas, entendemos que debe revovarse la sentencia apelada y devolverse el caso a la corte inferior para la celebración de un nuevo juicio.*